UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE M.D., <br><br> Plaintiff, <br><br> v. <br><br> CATHERINE TETI, et al., <br><br> Defendants. | Case: 1:15-mc-01380 <br> Assigned To : Unassigned <br> Assign. Date : 10/14/2015 <br> Description: Miscellaneous |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Doe, M.D., a cardiothoracic surgeon, has submitted for filing a complaint alleging that the U.S. Department of Health and Human Services ("HHS") and its officers improperly withheld information Doe requested under the Privacy Act, 5 U.S.C. § 552(a) ("PA"), and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  He moves ex parte for leave to file the complaint pseudonymously, arguing that publicly disclosing his name in potential litigation will expose him to reputational harm and potential retaliation, thereby jeopardizing his livelihood.  Because Doe has not demonstrated that the court should exercise its discretion to depart from the practice calling for litigants to identify themselves by name in the case caption, his motion will be denied.

BACKGROUND

According to the plaintiff, he is a practicing cardiothoracic surgeon. In a series of FOIA/PA requests he filed with HHS, he asked without success for copies of documents about himself. He asserts that the documents he sought would likely contain false and defamatory records about him that could destroy his reputation, career, and hope of earning a living. Pl.'s Mem. in Supp. of Mot. for Leave to File Pseudonymously at 2. He moves to file his complaint and proceed pseudonymously.

DISCUSSION

Under Federal Rule of Civil Procedure 10, "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). Local Civil Rules 5.1(c) and 11.1 state that "[t]he first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." LCvR 5.1(c)(1), 11.1. A party who seeks to file pseudonymously must obtain leave of court. See, e.g., Qualls v. Rumsfeld, 228 F.R.D. 8, 10 (D.D.C. 2005) ("A litigant seeking to proceed under pseudonym may ask the Chief Judge, ex parte, for leave to file a complaint omitting the litigant's real name and full address. In effect, the litigant is asking the Chief Judge to waive the requirements of Federal Rule 10(a) and Local Civil Rules 5.1[(c)](1) and 11.1."). "Leave is generally granted if the litigant makes a colorable argument in support of the request.

If the Chief Judge grants leave to file, the litigant may then file a pseudonymous complaint and the case will be assigned to a judge just like any ordinary case" would be. Qualls, 228 F.R.D. at 10.

Although the D.C. Circuit has yet to articulate a precise test for determining whether leave to file pseudonymously on a temporary basis[1] is warranted, other courts have described the proper analysis as a balancing test weighing one party's need for anonymity against the public's right of access to court proceedings and the risk of unfairness to the opposing party. See, e.g., Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000) (describing cases where courts of appeals have "held that a district court must balance the need for anonymity against the general presumption that parties' identities are public information and [against] the risk of unfairness to the opposing party."); accord Qualls, 228 F.R.D. at 10. In Nat. Assoc. of Waterfront Employers v. Chao, 587 F.

---

[1] The D.C. Circuit has emphasized that courts must be prepared to thoroughly analyze motions that would permit parties to remain anonymous throughout the course of litigation. In United States v. Microsoft Corp., 56 F.3d 1448 (D.C. Cir. 1995), the D.C. Circuit criticized the district court for granting three companies' motions to remain anonymous in the litigation on the basis of a purported "'fear' that they would be subject to unexplained retaliation from Microsoft[,]" and for granting the motions "without a hearing on the need for or propriety of the Doe Companies' proceeding anonymously[.]" Id. at 1453, 1463-64.

Supp. 2d 90 (D.D.C. 2008), the district court collected factors used by courts in weighing the competing interests at stake, given the presumption of access to judicial proceedings and the privacy interests of the individual. The factors the Chao court listed include:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 99 (footnotes omitted); accord Yaman v. U.S. Dep't of State, 786 F. Supp. 2d 148, 152-53 (D.D.C. 2011). No single factor is necessarily determinative; a court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield" to the plaintiff's request for anonymity. Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992).

Courts have noted that motions to file under pseudonym should be granted sparingly. In an opinion denying the plaintiffs leave to remain anonymous, Judge Lamberth wrote:

> The "rare dispensation" of allowing parties to proceed pseudonymously is only justified in the "critical" case, James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993), or the "unusual case," Advanced Textile, 214 F.3d at 1067. Such critical or unusual cases may include those in which "identification creates a risk of retaliatory physical or mental harm," those in which "anonymity is necessary to preserve privacy in a matter of [a] sensitive and highly personal nature," and those in which the anonymous party would be compelled to admit criminal behavior or be subject to punishment by the state. Id. at 1068 (citing Doe v. Stegall, 653 F.2d 180, 185-86 (5th Cir. 1981); James, 6 F.3d at 238).

Qualls, 228 F.R.D. at 10-11; accord West Coast Prods., Inc. v. Does 1-5829, 275 F.R.D. 9, 12 (D.D.C. 2011) ("[F]ederal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment.").

Doe's motion does not demonstrate that the circumstances weigh in favor of allowing him to file the complaint pseudonymously. As to the first Chao factor, Doe provides a conclusory assertion that the privacy interests he seeks to protect amount to "more than just an economic interest." Mem. at 8. He acknowledges that filing anonymously is not warranted merely to avoid the annoyance and criticism that may attend litigation. But, his argument that he seeks anonymity to prevent "damage to my reputation . . . and association between my name and false and defamatory records" because he is "seeking

to earn a living as a cardiothoracic surgeon" is self-defeating. Id.

Concerning the second Chao factor, Doe does not provide any evidence that disclosure will pose a risk of retaliatory physical or mental harm. Instead, Doe contends that the "lawsuit . . . will reveal false and defamatory records about [him]" and that publicly disclosing his name will cause future employers to have "reservations or misgivings about whether to hire [him]."[2] Id. at 7. Doe does not specify which "false and defamatory records" may pose him professional reputational harms. He does not explain how those records will harm his professional reputation. Nor does he demonstrate, were it essential, how his employment opportunities would be at risk. Doe's bare assertion that records that may be disclosed over the course of the potential litigation may contain false and defamatory records does not offer any way for a court to substantively evaluate the nature and extent of the potential reputational harms that he asserts. At most, the claim is speculative, and the second Chao factor does not weigh in favor of granting Doe's request.[3]

---

[2] This contention also undermines his claim that his interest in anonymity is more than just an economic interest.

[3] It is no small irony that it is he who seeks public disclosure of the very records he claims may harm him.

The fourth[4] Chao factor looks to whether the defendant is a governmental or private party. Chao and Yaman suggest that the status of a defendant as a governmental party tends to weigh in favor of granting a plaintiff's motion to proceed pseudonymously. See Chao, 587 F. Supp. 2d at 99 n.9 ("When a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." (quoting Yacovelli v. Moeser, No. 1:02CV596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004))); Yaman, 786 F. Supp. 2d at 153 (citing Doe v. Von Eschenbach, Civil Action No. 06-2131 (RMC), 2007 WL 1848013, at *2 (D.D.C. June 27, 2007) (also quoting Yacovelli, 2004 WL 1144183, at *8)).

Doe invokes Chao to support his request for anonymity. Mem. at 9. However, neither Yaman nor Chao (nor the Von Eschenbach or Yacovelli opinions they cite), fully explain why the fact that the defendant is a government entity weighs in favor of granting a motion to file anonymously. There is nothing self-evident about favoring or not favoring anonymity based upon the defendant being either a government or private party. Some courts granting anonymity to plaintiffs against government defendants have weighed this factor in the

---

[4] Doe offers no analysis of the third Chao factor.

plaintiff's favor because plaintiffs were required to divulge highly personal and sensitive information in order to establish standing, or meet the burden of proof in challenging state or federal laws regulating using contraceptives or undergoing abortions, or criminalizing same-sex relationships. See e.g., S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 712-13 (5th Cir. 1979) (discussing cases). That is essentially recycled reasoning which stems from considering the first Chao factor, namely, "whether the justification . . . is to preserve privacy in a matter of a sensitive and highly personal nature[.]" Chao, 587 F. Supp. 2d. at 99. It does not stand on its own as an independent basis for favoring a plaintiff's request to file under a pseudonym against a government entity. Other cases concluded that this factor weighed against anonymity because the governmental defendant would be prejudiced by having to defend a case without naming the plaintiff where the plaintiff nonetheless attacked the government publicly; or weighed against anonymity because the defendant did have a need to defend its reputation, see Doe v. North Carolina Central Univ., 1999 WL 1939248, at *4-5 (M.D.N.C. Apr. 15, 1999), cf. Wynne & Jaffe, 599 F.2d at 713 (finding anonymity unfair in the case with publicized allegations of sex discrimination against private firm given risk to defendant's reputation and revenues); or weighed in favor of anonymity where

the case was analogous to one involving a governmental entity that had a lesser risk of injury to reputation. EW v. New York Blood Ctr., 213 F.R.D. 108, 112 (2003) (holding that plaintiff's privacy right in suit over a bad blood transfusion outweighs public right of access, because, among other things, government-like defendant had minimal reputational interest to protect). Those explanations recycle the reasoning in weighing the fifth Chao factor, namely, "the risk of unfairness to the opposing party[.]" Chao, 587 F. Supp. 2d at 99. Ultimately, the fact that a defendant is a governmental entity does not alone present more of a reason to allow a plaintiff to file a complaint anonymously. Context matters. See Frank, 951 F.2d at 324 (affirming a decision denying request to proceed anonymously against the Postal Service on a claim alleging unlawful termination due to his alcoholism handicap).

Here, there is no unusual reputational interest for HHS to protect in this FOIA/PA action, nor is there any other unfairness HHS faces by allowing Doe to file under pseudonym. But Doe has not demonstrated how his effort to uncover false records about him pseudonymously amounts to more than protecting an economic interest and avoiding criticism that may attend litigation.

As is mentioned above, Doe has not demonstrated any specific risk of harm to his professional reputation or

employment. Cf. Doe v. Cabrera, Civil Action No. 14-1005 (RBW), 2014 WL 4656610, at *6 (D.D.C. Sept. 10, 2014) ("In assessing whether pseudonymous litigation is appropriate, courts must also consider whether an accused defendant is a governmental entity or a private party. . . . This factor weighs against allowing the plaintiff to use a pseudonym because the defendant is a private litigant, who undoubtedly has concerns about his reputation."). Doe's motion and complaint recite his history of communications with HHS about his requests for documents. However, neither the motion nor the complaint itself recites any information which, if filed bearing Doe's name, reveals any matter of a sensitive and highly personal nature, or includes any defamatory information or information that damages his reputation. At most, Doe's filings show that he has wrestled with the government in pursuing data to which he believes the law entitles him. Nothing on the face of Doe's filings exposes him to any harm that warrants allowing him to mask his name on publicly docketed filings.

Doe projects some injury coming solely from the possible contents of documents that might be produced in response to his requests for information that are at the core of this action, or other documents that might be produced during this litigation. However, Doe has projected no injury that a protective order could not remedy in the ordinary course of the litigation should

such an order become necessary. In this way, not only is Doe's request to mask his name upon filing this action unsupported, but also his fear of injury is premature. The fourth Chao factor, then, weighs in neither side's favor.

The fifth Chao factor may weigh in favor of granting Doe's motion. Any immediate risk of unfairness to the putative defendants by permitting Doe to proceed under pseudonym would be transitory. Any order that would grant the request would be temporary in nature only and granted for the limited purpose of moving litigation forward. Qualls, 228 F.R.D. at 10 ("The Chief Judge's leave to file is only given 'at this time' . . . and does not guarantee that a litigant may proceed pseudonymously throughout the case; rather, the leave is an indication that the litigant's request is not frivolous and gets the case moving quickly, leaving the issue open to full, adverse litigation at a later date."). Ultimately, although the fifth Chao factor may weigh in favor of granting Doe's motion to proceed pseudonymously, this case does not present such an unusual situation that the need for party anonymity outweighs the public's right of access to public proceedings.

## CONCLUSION AND ORDER

Because Doe has not demonstrated that allowing him to file his complaint using a pseudonym in place of his name is warranted, it is hereby

ORDERED that the motion for leave to proceed under pseudonym be, and hereby is, DENIED.  It is further

ORDERED that Clerk file under seal the original complaint that bears the plaintiff's true name until, if ever, the plaintiff decides to go forward with filing the complaint using his true name.

SIGNED this 19th day of October, 2015.

```
           /s/          
RICHARD W. ROBERTS
Chief Judge
```